UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS, ) | Case No.: 1:11-cv-00874-BAM PC |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND DENYING IN |
| ) | PART PLAINTIFF'S MOTION TO COMPEL |
| v. ) | INSPECTION OF DOCUMENTS (ECF No. 29) |
| ) | |
| J. RONQUILLO, et al., ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTIONS/REQUESTS FOR STATUS REPORT |
| Defendants. ) | AS MOOT (ECF Nos. 32, 36) |
| ) | |

**I.     Introduction**

Plaintiff Gerry Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants Ronquillo, Rielo and Anderson ("Defendants") for excessive force in violation of the Eighth Amendment. On January 15, 2013, Plaintiff filed the instant motion to compel inspection of documents pursuant to Federal Rule of Civil Procedure 37. (ECF No. 29.) On January 28, 2013, Defendants filed their opposition to the motion to compel. (ECF No. 31.) The matter is deemed submitted pursuant to Local Rule 230(l).[1]

///

---

[1] On April 26, 2013, Plaintiff filed a request for a status report of his pending motion to compel discovery. (ECF No. 32.) On May 31, 2013, Plaintiff filed a second request for a status report on his motion to compel discovery. (ECF No. 36.) Based on the instant order resolving Plaintiff's motion to compel discovery, Plaintiff's requests for status reports shall be denied as moot.

1

## II. Request for Production of Documents

Plaintiff moves to compel supplemental responses to his request for production of documents numbered 1, 2, and 8-13.

### A. Legal Standard

In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal.1995); see also Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

### B. Request for Production ("RFP")

**RFP NO. 1:** "Any and all 42 U.S.C. § 1983 Civil Rights Complaints filed by inmates at Kern Valley State Prison (KVSP) from 2007-2012, against Defendants J. Ronquillo, R. M. Rielo, and J. Anderson for the use of excessive force on inmates."

**RESPONSE:** Defendants object to this request on the grounds that it is overly broad as to time, not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, lacks foundation, purports to compel Defendants to conduct an investigation on Plaintiff's behalf, seeks to invade Defendants' and other inmates' privacy, and requests confidential information the disclosure of which would create a hazard to the safety and security of the institution. Without waiving these objections, included as Attachment A are all responsive documents in Defendants' possession, custody, and control.

Discussion

Plaintiff contends that Defendants have admitted in their responses to interrogatories that they have had complaints filed against them by other inmates, but refuse to produce them. Defendants

counter that they provided Plaintiff with all responsive information in their possession, custody, and control. Defendants argue that Plaintiff's mere belief that additional responsive documents exist is insufficient to compel Defendants to respond further given that they have already provided Plaintiff with all responsive documents in their possession, custody or control.

Plaintiff appears to possess all responsive civil rights complaints alleging excessive force that were in Defendants' possession, custody or control. Plaintiff fails to identify any specific documents that he believes Defendants are withholding from production. Further, in the case of prisoner lawsuits, Defendants likely would have possession only of complaints, if any, that were personally served on them. As Plaintiff can search public court records, if he so chooses, to determine whether additional complaints exist, then the Court will not order Defendants to provide further responses. Indeed, the Court must limit discovery if the discovery sought can be "obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Accordingly, Plaintiff's motion to compel further response to RFP No. 1 is DENIED.

**RFP No. 2:** "Any and all inmate/parolee appeals forms, i.e. 602's filed by inmates at KVSP from 2007 – 2012, against the Defendants herein for the use of excessive force."

**RESPONSE**: Defendants object to this request on the grounds that it is overly broad as to time, not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, duplicative, lacks foundation, purports to compel Defendants to conduct an investigation on Plaintiff's behalf, seeks to invade Defendants' and other inmates' privacy, and requests confidential information the disclosure of which would create a hazard to the safety and security of the institution. Without waiving these objections, included as Attachment A are all responsive documents in Defendants' possession, custody, and control.

Discussion

Plaintiff believes that documents responsive to RFP No. 2 exist, but that Defendants have refused to permit Plaintiff to inspect the requested documents. Defendants counter that they have provided Plaintiff with all responsive information in their possession, custody, and control and cannot be compelled to respond further. Defendants also counter that Plaintiff's mere belief that additional responsive documents exist is insufficient.

1     Based on Defendants' response, Plaintiff appears to have received all responsive documents in the possession of Defendants. Although Defendants might have the legal right to obtain additional responsive documents, Plaintiff's request is overbroad. All "inmate/parolee appeals forms, i.e. 602's filed by inmates at KVSP from 2007 – 2012" against Defendants for excessive force would require a search of the file for each and every inmate ever housed at Kern Valley State Prison for the period between 2007 and 2012. Not all of the inmate files are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Further, given the scope of the request, the burden and expense of a search for the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). Accordingly, Plaintiff's motion to compel further response to RFP No. 2 is DENIED.

    **RFP NO. 8:** "The videotaped interview conducted by Sergeant Jones on January 27, 2010, to include the CDCR From [sic] 3013."

    **RESPONSE:** Defendants object to this request on the grounds that it is overly broad, vague, and ambiguous in its entirety, and lacks foundation. Without waiving these objections, and assuming this request is asking for a video-taped interview that Sergeant Jones conducted of Plaintiff on January 27, 2010, after a reasonable and diligent search, Defendants have no responsive documents in their possession, custody, or control.

    <u>Discussion</u>

    Plaintiff contends that responsive information exists, but Defendants have failed to permit the required inspection. Defendants counter that they cannot be compelled to respond further to this request because, after a reasonable and diligent search, they do not have responsive information in their possession, custody, and control.

    Based on Defendants' response, it is not clear whether the requested videotape exists. Accordingly, Defendants are ordered to serve a supplemental response to Plaintiff's RFP No. 8 within thirty (30) days from the date of this order, subject to the following limitations. If no responsive videotape exists, Defendants must so state with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence. Uribe v. McKesson, 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If a responsive videotape does exist, but Defendants claim lack of possession, control, or custody, then they must so state with sufficient specificity to

4

allow the Court (1) to conclude that the responses were made after a case-specific evaluation; and (2) to evaluate the merit of that response. Ochotorena v. Adams, 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010) (court required defendant, a CDCR employee, to provide requested information or demonstrate via factual support why he was incapable of obtaining information responsive to the requests; if defendant demonstrated that he was unable to obtain the information, defendant was required to provide information as to who had custody, possession, or control over the requested information to allow prisoner to seek subpoena). Plaintiff's motion to compel further response to RFP No. 8 is GRANTED.

**RFP NO. 9:** "The daily movement sheet (D.M.S.) for January 27, 2010 – January 28, 2010."

**RESPONSE:** Defendants object to this request on the grounds that it is overly broad, vague, and ambiguous in its entirety, not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, and purports to compel Defendants to conduct an investigation on Plaintiff's behalf. Without waiving these objections, and assuming this request is asking for Plaintiff's Daily Movement Sheet, dated January 27 through 28, 2010, included as Attachment C are all responsive documents in Defendants' possession, custody, and control.

Discussion

Plaintiff believes that responsive documents exist, but that Defendants have failed to produce them. Defendants counter that they have provided Plaintiff with all responsive documents in their possession, custody and control.

Based on Defendants' response, it appears that Plaintiff has received the requested Daily Movement Sheet. Although Plaintiff believes that there are additional responsive documents, he does not specify what those documents are beyond those already produced by Defendants. Accordingly, Plaintiff's motion to compel further response to RFP No. 9 is DENIED.

**RFP NO. 10:** "On January 27, 2010, inmate Fitzroy Alexander was housed in KVSP B-yard, Building three, cell #114 with the Plaintiff. Produce Mr. Alexander's full name, CDCR number, and current location."

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible

5

evidence, purports to compel Defendants to conduct an investigation on Plaintiff's behalf, seeks to invade inmate Alexander's privacy, and requests confidential information the disclosure of which would create a hazard to the safety and security of the institution. Based upon these objections, Defendants cannot respond to this request.

Discussion

As with RFP No. 9, Plaintiff believes that responsive documents exist, but Defendants have failed to produce them. Defendants counter that disclosure to Plaintiff of an inmate's full name, CDCR number and current location would create a hazard to the safety and security of the institution because Plaintiff could use this information to locate the inmate for assault. Defendants further counter that disclosure to Plaintiff of an inmate's full name, CDCR number, and current location would invade the inmate's privacy. Defendants assert that they properly objected to Plaintiff's RFP No. 10.

As a practical matter, Plaintiff's request for inmate Alexander's information is an interrogatory, not a document request. Defendants therefore are not required to produce each and every document containing inmate Alexander's information. Nonetheless, RFP No. 10 seeks information relating to a potential witness, which is relevant to Plaintiff's claims and defenses. The Court agrees that an inmate's current location may raise safety issues and is therefore exempt from disclosure. However, the same does not hold true for the inmate's name. Accordingly, Plaintiff's motion to compel further response to RFP No. 10 is GRANTED IN PART. Defendants shall serve a supplemental response to RFP No. 10 that states inmate Alexander's name and, if available, his CDCR number, within thirty (30) days of the date of this order.

**RFP NO. 11:** "The full names, CDCR numbers, and present location of all the inmates that were housed on the top tier and bottom tier at KVSP-B-yard, Building three on January 27, 2010, B-Section."

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, purports to compel Defendants to conduct an investigation on Plaintiff's behalf, seeks to invade other inmates' privacy, and requests confidential information the disclosure of which would

create a hazard to the safety and security of the institution. Based on these objections, Defendants cannot respond to this request.

Discussion

Plaintiff believes that responsive documents exist, but that Defendants have refused to permit their inspection. Defendants counter that disclosure to Plaintiff of inmates' full names, CDCR numbers and current locations would create a hazard to the safety and security of the institution because Plaintiff could use this information to locate other inmates for assault. Defendants further counter that disclosure to Plaintiff of inmates' full names, CDCR numbers, and current locations would invade the inmates' privacy. Defendants assert that they properly objected to Plaintiff's RFP No. 11.

As with RFP No. 11, Plaintiff's request for inmate information is an interrogatory, not a document request. Defendants therefore are not required to produce each and every document that contains "inmate full names, CDCR numbers, and present location of all the inmates that were housed on the top tier and bottom tier at KVSP-B-yard, Building three on January 27, 2010, B-Section."

Although RFP No. 11 appears to seek information relating to potential witnesses, the burden of obtaining inmate names and numbers for all inmates that were housed on the top and bottom tier at KVSP-B yard, Building three outweighs the likely benefit of the proposed discovery. Fed. R. Civ. P. 26(b)(2)(C)(iii). Plaintiff has not demonstrated that each and every inmate housed in the tiers at issue was in a position to witness, or to otherwise provide information regarding, the events alleged in his complaint. Accordingly, Plaintiff's motion to compel further response to RFP No. 11 is DENIED.

**RFP NO. 12:** "The Facility B's logbook for January 27, 2010, at KVSP, B-Section, floor and control booth."

**RESPONSE:** Defendants object to this request on the grounds that it is not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, lacks foundation, and purports to compel Defendants to conduct an investigation on Plaintiff's behalf. Without waiving these objections, after a reasonable and diligent search, Defendants have no responsive documents in their possession, custody or control.

///

7

Discussion

Plaintiff contends that responsive documents exist, but that Defendants have refused to permit their inspection. Defendants indicate that they responded to this request by informing Plaintiff that after a reasonable and diligent search, they have no responsive information in their possession, custody and control. Defendants argue that they cannot be compelled to respond further because they do not have any responsive information in their possession, custody and control.

Based on Defendants' response, it is not clear whether the requested logbook for January 27, 2010 exists. Accordingly, Defendants are ordered to serve a supplemental response to Plaintiff's RFP No. 12 within thirty (30) days from the date of this order, subject to the following limitations. If no responsive logbook or entry exists, Defendants must so state with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence. Uribe, 2010 WL 892093, at *2-3. If a responsive logbook or entry exists, but Defendants claim lack of possession, control, or custody, then they must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation; and (2) to evaluate the merit of that response. Ochotorena, 2010 WL 1035774, at *3-4. Plaintiff's motion to compel further response to RFP No. 12 is GRANTED.

**RFP NO. 13:** "The B-yard Sergeant's logbook for January 27, 2010, at KVSP."

**RESPONSE:** Defendants object to this request on the ground that it is not relevant to any claim or defense in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, lacks foundation, and purports to compel Defendants to conduct an investigation on Plaintiff's behalf. Without waiving these objections, after a reasonable and diligent search, Defendants have no responsive documents in their possession, custody, or control.

Discussion

Plaintiff contends that responsive documents exist, but that Defendants have refused to permit their inspection. Defendants indicate that they responded to this request by informing Plaintiff that after a reasonable and diligent search, they have no responsive information in their possession, custody and control. Defendants argue that they cannot be compelled to respond further because they do not have any responsive information in their possession, custody and control.

Based on Defendants' response, it is not clear whether the requested logbook for January 27, 2010 exists. Accordingly, Defendants are ordered to serve a supplemental response to Plaintiff's RFP No. 13 within thirty (30) days of the date of this order, subject to the following limitations. If no responsive logbook or entry exists, Defendants must so state with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence. Uribe, 2010 WL 892093, at *2-3. If a responsive logbook or entry exists, but Defendants claim lack of possession, control, or custody, then they must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation; and (2) to evaluate the merit of that response. Ochotorena, 2010 WL 1035774, at *3-4. Plaintiff's motion to compel further response to RFP No. 13 is GRANTED.

### III.   Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on January 15, 2013, is GRANTED IN PART and DENIED IN PART as follows:

    a. Plaintiff's motion to compel further responses to RFP Nos. 1, 2, 9, and 11 is DENIED;

    b. Plaintiff's motion to compel further responses to RFP Nos. 8, 12, and 13 is GRANTED;

    c. Plaintiff's motion to compel further response to RFP No. 10 is GRANTED IN PART; and

2. Plaintiff's requests for status reports, filed on April 26, 2013 and on May 31, 2013, are DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **July 5, 2013**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE