UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. RONQUILLO, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00874-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ISSUE SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO DISCLOSE<br>(ECF No. 46) |

**I.**     **Background**

Plaintiff Gerry Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants Ronquillo, Rielo and Anderson ("Defendants") for excessive force in violation of the Eighth Amendment.

On January 15, 2013, Plaintiff filed a motion to compel inspection of documents pursuant to Federal Rule of Civil Procedure 37. (ECF No. 29.) On July 5, 2013, the Court partially granted Plaintiff's motion to compel and instructed Defendants to supplement their responses to Plaintiff's requests for production of documents numbered 8, 10, 12 and 13. (ECF No. 40.)

On August 23, 2013, Plaintiff filed the instant motion for the imposition of sanctions in the amount of $500.00 related to Defendants' supplemental responses to requests for production numbered 8, 12, and 13. (ECF No. 46.) Defendants opposed the motion on September 13, 2013.

1

(ECF No. 48.)  Plaintiff replied on September 30, 2013.  (ECF No. 49.)  The motion is deemed submitted.  Local Rule 230(l).

## II. Request for Production of Documents at Issue

**RFP NO. 8:** "The videotaped interview conducted by Sergeant Jones on January 27, 2010, to include the CDCR From [sic] 3013."

**SUPPLEMENTAL RESPONSE:** Defendants conducted a diligent search of their records, including a request to all personnel involved in the incident with Plaintiff and the investigation of the incident with Plaintiff and have determined that the requested video tape does not exists [sic]. Sergeant Jones did conduct a video-taped interview of Plaintiff on January 27, 2010.  Sergeant Jones gave the video tape to retired correctional office Shannon Simpson.  The Litigation Coordinator at Kern Valley State Prison contacted Ms. Simpson who said she turned the video tape over to the investigative services unit at Kern Valley State Prison.  The video tape was not entered into the evidence log at Kern Valley State Prison, which is an indication that it was misplaced at some point and no longer exists.

Discussion:

Plaintiff contends that he is prejudiced by the failure of Defendants to disclose the videotape. Plaintiff avers that the videotape will counter Sergeant Jones' assertions that Plaintiff did not complain of injury, pain or excessive force.  Plaintiff believes that Defendants disregarded their obligation to preserve evidence and should be precluded from introducing any evidence that Plaintiff was resisting and from opposing the contents of the videotape.  Plaintiff also requests that the Court find the contents of the videotape to be established by Plaintiff's statements, hold Defendants in contempt, award expenses for preparation of the motion to compel and pay sanctions in the amount of $500.00.

Defendants counter that they complied with the Court's order requiring them to provide supplemental discovery responses, including a full explanation as to the steps taken to determine that responsive documents do not exist.  Defendants argue that they should not penalized for their inability to produce a videotape taken by a non-party as there is no evidence that Defendants ever had possession, custody or control of the videotape.  In his reply, Plaintiff asserts that Sergeant Jones conducted the videotaped interview and that Defendants admitted that he failed to preserve the

videotape. Plaintiff believes the failure to preserve the videotape results in prejudice and reasserts that sanctions should be imposed for the failure to disclose.

The Court finds no basis to conclude that Defendants were responsible for the failure to preserve the videotape or that they acted in bad faith. Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001) (to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith.") There is no evidence that Defendants themselves destroyed the videotape or that they had any knowledge of or contact with the videotape. Defendants cannot be held responsible for the actions of former correctional officer Shannon Simpson or the investigative services unit at Kern Valley State Prison. They also cannot be held responsible for the failure to produce a videotape that cannot be located and may no longer exist. As the videotape is unavailable, none of the parties, including Defendants, can rely on its purported contents for the purposes of a summary judgment motion or at trial. Accordingly, Plaintiff's motion for the imposition of sanctions related to RFP No. 8 is DENIED.

**RFP NO. 12:** "The Facility B's logbook for January 27, 2010, at KVSP, B-Section, floor and control booth."

**SUPPLEMENTAL RESPONSE:** The document responsive to Request No. 12 is attached hereto as Exhibit 1.

Discussion:

Plaintiff contends that logbook disclosed by Defendants is the logbook for Facility B Building-3 control booth. As indicated by Defendants, the nature of Plaintiff's objection is unclear. In his reply, Plaintiff admits that Exhibit 1 is responsive to RFP No. 12. (ECF No. 49, p. 3.) The Court's review confirms that Exhibit 1 is an excerpt of the Facility B-3 control booth logbook for January 27, 2010. (ECF No. 48-1, pp. 6-9.) Accordingly, Plaintiff's request for the imposition of sanctions related to RFP No. 12 is DENIED.

**RFP NO. 13:** "The B-yard Sergeant's logbook for January 27, 2010, at KVSP."

**SUPPLEMENTAL RESPONSE:** The document responsive to Request No. 13 is attached hereto as Exhibit 2.

///

Discussion:

Plaintiff contends that Exhibit 2 is not responsive because it is the logbook for Facility B's floor staff, not the Sergeant's logbook. Defendants counter that they produced the document they believed was responsive to Plaintiff's request. In his reply, Plaintiff refers to Exhibit 1, not Exhibit 2. (ECF No. 49, p. 3.) Upon review, the Court finds no evidence suggesting that Exhibit 2 is, as Plaintiff claims, the logbook for Facility B's floor staff. (ECF No. 48-1, pp. 11-14.) As such, Plaintiff's motion for the imposition of sanctions related to RFP No. 13 is DENIED.

### III. Conclusion and Order

Based on the foregoing, Plaintiff's motion to issue sanction against Defendants for failure to disclose, filed on August 23, 2013, is DENIED.

IT IS SO ORDERED.

Dated: **January 15, 2014**          /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE