UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. RONQUILLO, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00874-BAM (PC)<br><br>ORDER DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION TO EXTEND TIME FOR DISCOVERY TO OBTAIN DOCUMENTS FROM NONPARTIES/REQUEST FOR TWO BLANK SUBPOENAS DUCES TECUM (ECF No. 47)<br><br>FIFTEEN-DAY DEADLINE |

　　　　Plaintiff Gerry Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint against Defendants Ronquillo, Rielo and Anderson ("Defendants") for excessive force in violation of the Eighth Amendment.

　　　　On August 1, 2013, Plaintiff filed a request for two blank subpoenas duces tecum for documents from non-parties. (ECF No. 43.) On August 7, 2013, Plaintiff filed a duplicate request. (ECF No. 44.)  On August 12, 2013, the Court denied Plaintiff's requests for subpoenas without prejudice.  The Court informed Plaintiff that he was not precluded from requesting an extension of the discovery deadline for the limited purpose of obtaining discovery from non-parties.  (ECF No. 45.)

　　　　On September 9, 2013, Plaintiff filed a request to extend the time for discovery in order to obtain documents from non-parties and a request for two blank subpoenas duces tecum.  In his motion,

1

Plaintiff reported that he conducted a review of his records, but was denied Volume 4 containing his medical records. Plaintiff was informed that his medical records were in Sacramento being downloaded onto a computer. Plaintiff claims that the custodian of records promised to re-ducat him back to the records office, but never did. Plaintiff now seeks the reopening of discovery and the issuance of subpoenas to obtain his medical records. (ECF No. 47.)

      The Court directs Defendants to submit a response within fifteen (15) days of the date of this order regarding Plaintiff's claims that he was unable to review his medical records and the custodian's reported failure to re-ducat him for such review. Defendants' response should indicate whether or not the records have been returned from Sacramento and whether the records are or have been made available for Plaintiff's review. The Court notes that Plaintiff submitted medical records on December 26, 2013, in support of his opposition to Defendants' motion for summary judgment, which may indicate that Plaintiff has completed his review of the medical records and that his request for subpoenas is now moot.

IT IS SO ORDERED.

Dated:   **January 15, 2014**           /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE