UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. RONQUILLO, et al.,<br><br>　　　　　Defendant. | 1:11-cv-00874-BAM (PC)<br><br>ORDER DENYING APPLICATION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 61) |

Plaintiff Gerry Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Ronquillo, Rielo and Anderson for excessive force in violation of the Eighth Amendment.

On February 14, 2014, Plaintiff filed the instant motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff requests the appointment of counsel because he lacks income, legal experience and law library access. Plaintiff also contends that he is illiterate and relies on the assistance of a fellow inmate with limited civil law knowledge. However, the prison is currently on lockdown, which limits his ability to obtain inmate assistance. (ECF No. 61.)

The court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily from indigent prisoners with limited legal experience and education. If Plaintiff requires additional time to meet case-related deadlines, then he may request appropriate extensions of time from the court. Further, at this stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **February 18, 2014**         /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE