UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. RONQUILLO, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00874-BAM (PC)<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF PLAINTIFF'S APPLICATION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 66) |

**I.　　Background**

Plaintiff Gerry Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendant Anderson for excessive force in violation of the Eighth Amendment. On February 19, 2014, the Court denied Plaintiff's motion for appointment of counsel without prejudice. (ECF No. 62.) On April 14, 2014, Plaintiff filed the instant motion for reconsideration of the Court's order denying appointment of counsel. (ECF No. 66.) A response to the motion is unnecessary and the matter is deemed submitted. Local Rule 230(l).

**II.　　Discussion**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there

is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

By the instant request for reconsideration, Plaintiff primarily reiterates the statements in his original motion for appointment of counsel, including that he is an indigent layman with limited law library access and that he relies on the assistance of a fellow inmate. In addition to these reasons, Plaintiff reports that he is illiterate and now adds that he is a patient in the Correctional Clinical Case Management System (CCCMS). Plaintiff supplies the Court with an Education Progress Report dated March 21, 2014, along with his mental health treatment records from April 2011 through April 2012. (ECF No. 66, Exs. A, B.) These additional facts do not provide a strongly convincing basis to reverse the Court's prior order denying appointment of counsel.

Plaintiff's claim of illiteracy is undermined by his Education Progress Report ("Report"). The Report indicates that Plaintiff has achieved an 87% average on fifth grade English. However, the Report also provides that Plaintiff has shown inconsistencies in both work effort and attendance, but improvements in his work efforts could increase scores and enable him to earn a GED within the next year. (ECF No. 66, Ex. A.) There is no indication that Plaintiff is illiterate.

Plaintiff's claim that he is a participant in CCCMS and that he received mental health treatment in 2011 and 2012 is equally unavailing. There is no indication that Plaintiff is receiving ongoing mental health treatment or that his current mental condition warrants the assistance of counsel at this time. Plaintiff has not supplied any up-to-date treatment records.

As Plaintiff previously was informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff's lack of education, lack of resources, current educational level and past mental health treatment do not demonstrate exceptional circumstances. This Court is faced with cases brought by prisoners in similar circumstances almost daily. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Further, at this stage in the proceedings involving disputed issues of fact, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Id.

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration, filed on April 14, 2014, is DENIED.

IT IS SO ORDERED.

Dated:  **April 24, 2014**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE