UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>J. RONQUILLO, et al.,<br><br>  Defendants. | Case No.: 1:11-cv-00874-BAM (PC)<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING<br>(ECF No. 67) |

**I.      Background**

Plaintiff Gerry Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint against Defendant Anderson for excessive force in violation of the Eighth Amendment. The parties have consented to the jurisdiction of the United States Magistrate Judge.  (ECF Nos. 5, 23.)  On March 31, 2014, the Court granted summary judgment in favor of Defendants Rielo and Ronquillo.  (ECF No. 63.)  On April 14, 2014, Plaintiff filed the instant motion for reconsideration by the District Court of the order granting summary judgment.  (ECF No. 67.)  Defendants did not file a response and the matter is deemed submitted.  Local Rule 230(l).

**II.     Discussion**

Plaintiff now seeks reconsideration of the undersigned's order granting summary judgment in favor of Defendants Ronquillo and Rielo.  As noted above, the parties consented to have the

undersigned Magistrate Judge issue all dispositive rulings in this case pursuant to 28 U.S.C. § 636(c). Subsection (c) provides that the magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment. . . ." Thus, in consent cases, the magistrate judge rules on all matters in the case. Based on the parties' consent in this action, Plaintiff is not entitled to reconsideration before a district court judge in this case. Accordingly, his request for review by the district court judge is denied. The Court will construe Plaintiff's motion as one for reconsideration by the undersigned of the March 31, 2014 order granting summary judgment in favor of Defendants Ronquillo and Rielo.

Rule 60(b)(6) allows the Court to relieve a party from a judgment or an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

1   Here, the basis of Plaintiff's motion for reconsideration is his disagreement with the Court's
2   decision.  In particular, Plaintiff disagrees with the Court's determination of disputed and undisputed
3   facts.  Plaintiff also disagrees with the Court's determination that Defendant Ronquillo's handcuffing
4   of Plaintiff amounted to a de minimis use of force.  Plaintiff attempts both to reargue the motion for
5   summary judgment and to raise new arguments in his motion for reconsideration.  As these arguments
6   were equally available to Plaintiff when he opposed Defendants' motion for summary judgment, his
7   request for reconsideration shall be denied.  A motion for reconsideration is not a means to reargue the
8   motion or to present evidence that should have been raised before.  Westlands Water Dist., 134
9   F.Supp.2d at 1131.  Plaintiff has not demonstrated clear error or other grounds for relief.  Again, his
10  mere disagreement with the decision is not sufficient.  Id.

### III.   Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration, filed on April 14, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **May 15, 2014**             /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE